UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61825-CIV-COHN/SELTZER

DESIGN CENTER OF THE AMERICAS, LLC,

   Plaintiff,

vs.

MIKE BELL INCORPORATED,

   Defendant.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand [DE 6] ("Motion"). The Court has considered the Motion, Defendant's Response [DE 14], and Plaintiff's Reply [DE 15], and is otherwise advised in the premises. For the reasons that follow, the Motion will be **GRANTED** in part to the extent that the Court orders the case remanded, but **DENIED** in part to the extent that the Court will not award attorneys' fees.

   **I.   Background**

This suit arises out of the failure of a store that, as at least part of its business, sold consigned furniture.[1] [DE 1-1 at 5.] Plaintiff, the Design Center of the Americas, is the store's landlord. [Id. at 4.] Defendant consigned furniture to the store for sale. [Id. at 5.] Plaintiff's Complaint describes a relevant provision of the lease agreement between Plaintiff and the store:

---

[1] For the purposes of this Motion, the Court accepts as true the facts alleged in Plaintiff's Complaint [DE 1-1 at 3–8].

> [P]ursuant to Section 34.10 of the Lease, Tenant granted to Landlord a first and unsubordinated lien and security interest on all property of the Tenant ever placed in the Premises to secure the payment of Rent and damages or loss to the Premises (the "Consensual Lien"). The Consensual Lien was perfected by the filing of a form UCC-1 on May 30, 2008. . . . Thereafter, on February 19, 2013, Landlord filed a UCC-3 continuation of its Consensual Lien.

[Id. at 4.]

Pursuant to this term, when the store stopped paying rent, Plaintiff asserted a lien in Defendant's consigned property. [Id. at 5.] Plaintiff has since taken possession of the store's erstwhile premises and the property Defendant consigned to the store. [Id. at 6.] Defendant wants the consigned property back. [Id.]

Plaintiff sued for declaratory relief in Broward County Circuit Court, asking that court to determine that (1) Plaintiff has a valid lien on the property; (2) Plaintiff's lien is of a higher priority than any lien Defendant may have on the property; (3) Plaintiff may sell the consigned property to satisfy the store's obligations to it; and (4) Plaintiff will owe nothing to Defendant as a result of the sale. [Id. at 7–8.] Defendant has counterclaimed for contrary declaratory relief and for conversion. [DE 9 at 5–7.] Defendant removed Plaintiff's suit to this Court on August 11, 2014. [DE 1 at 1.] Plaintiff now seeks remand, arguing that this case does not meet 28 U.S.C. § 1332's amount-in-controversy requirement. Plaintiff also seeks the attorneys' fees incurred in bringing this Motion.

## II.     Remand is appropriate.

Federal courts are courts of limited jurisdiction. Federal jurisdiction exists only when a controversy involves either a question of federal law or diversity of citizenship between the parties. See 28 U.S.C. §§ 1331–32. Removal statutes are strictly

construed.  Sygenta Crop. Prot. Inc. v. Henson, 537 U.S. 28, 32 (2002).  Courts should remand all cases where subject matter jurisdiction is in doubt.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

The parties here do not contend that their controversy involves a question of federal law.  Accordingly, this Court has jurisdiction over the instant case only if diversity jurisdiction exists.  Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332.  If only declaratory and injunctive relief is at issue, the amount in controversy is measured by the value of the object of the litigation, from the plaintiff's perspective.  Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc., 120 F.3d 216, 218–19 (11th Cir. 1997).  There is no dispute in this case that the parties are of diverse citizenship.  Therefore, the only jurisdictional issue concerns whether the amount in controversy requirement has been satisfied.

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 753 (11th Cir. 2010).  Rather, where a plaintiff has not pleaded a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence.  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  To establish the amount in controversy by a preponderance of the evidence, "Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper."  Pretka, 608 F.3d at 755.

An important issue emerged in the briefing of this matter: whether a court, on a plaintiff's motion to remand, should consider a defendant's counterclaim in determining the amount in controversy.  The Court discerns no controlling opinion from the Eleventh Circuit.  However, the Court is persuaded by the well-researched and well-reasoned decision of the Middle District of Alabama in Conference Am., Inc. v. Q.E.D. Int'l Inc., 50 F. Supp. 2d 1239 (M.D. Fla. 1999), that a "[d]efendant's [c]ounterclaim should not be considered in determining the amount in controversy in the context of removal jurisdiction."  Id. at 1242.

Defendant cites two Eleventh Circuit cases, South Florida Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312 (11th Cir. 2014) and Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2000), in its response for the proposition that "where, as here, actual damages are sought, *by way of counterclaim or otherwise*" [DE 14 at 4], the Court should consider these damages in determining the amount in controversy.  The Court has scrutinized these cases.  They do not concern the role of counterclaims in the amount-in-controversy analysis, and therefore are not instructive.

Here, Plaintiff has not pleaded a specific amount of damages.  Therefore, the burden is on Defendant to prove by a preponderance of the evidence that this case satisfies 28 U.S.C. § 1332's amount-in-controversy requirement.  Defendant has not done so.

In support of removal, Defendant offers a brief, conclusory affidavit from its President, Joann Westwater [DE 10-1].  Ms. Westwater affirms that based upon her "experience as President of Mike Bell" and "knowledge of Mike Bell's properties and products" that the furniture at issue in this litigation "had a collective total fair value of in

4

[sic] excess of $77,000.00." [Id.] In support of remand, Plaintiff offers a similarly conclusory affidavit from its "Director of Design Services," an interior designer named Alex Matamoros [DE 6-1]. Mr. Matamoros states that the furniture is worth no more than $25,000, if sold pursuant to the statutory procedures available. [Id. at 4.] Mr. Matamoros provides some support for his authority on this matter, observing that he has been licensed as an interior designer since 2004, worked for Plaintiff since 2008, and has cultivated a familiarity with the products offered by its tenants. [Id. 1–2.]

In weighing these two conflicting affidavits, the Court determines that the evidence that this case satisfies the amount-in-controversy requirement is at most in equipoise. Because Defendant bears the burden of proving the propriety of removal by a preponderance of the evidence, this is not enough. See James v. Otis Elevator Co., 854 F.2d 429, 432 n.3 (11th Cir. 1988). The Court will therefore grant Plaintiff's Motion in part and remand this case to the Broward County state court from which it came.

**III.     The Court will not award costs or attorneys' fees.**

Plaintiff also moves this Court for an order directing Defendant to pay the costs and attorneys' fees it incurred in responding to Defendant's Notice of Removal. Title 28 U.S.C. § 1447(c) provides that if an action is remanded, a district court may award Plaintiff "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may award attorneys' fees where the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, the Court ultimately concludes that Defendant did not carry its burden to show that removal was proper. Defendant did, however, have an objectively reasonable basis for seeking

5

removal, in the form of Ms. Westwater's aforementioned affidavit.  The Court will therefore decline to order Defendant to pay fees and costs.

## IV.     Conclusion

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [DE 6] is **GRANTED** to the extent that this case shall be **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida.  Plaintiff's Motion to Remand [DE 6] is **DENIED** to the extent that it requests an award of attorneys' fees.

2. The Clerk of Court is hereby directed to forward a certified copy of this Order to the Clerk of the Seventeenth Judicial Circuit in and for Broward County, Florida, re Case No. CACE 14-014413.

3. The Clerk of Court is directed to **CLOSE** the case and **DENY** all other pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 20th day of October, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.